United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **MIGUEL MONJARAZ SALAS,** § | |
| Petitioner, § | |
| § | |
| v. § | **Civil Action No. 1:16-29** |
| § | **Criminal No. B:13-697-1** |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 8, 2016, Petitioner Miguel Monjaraz Salas filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On March 7, 2016, the Government filed a motion for summary judgment. Dkt. No. 7.

After reviewing the record and relevant case law, the Court **RECOMMENDS** Monjaraz Salas's motion be **DENIED** because his petition is factually and legally meritless on its face.

## I. Procedural and Factual Background

On September 10, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted Monjaraz Salas for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Miguel Monjaraz Salas, Criminal No. 1:13-697-1, Dkt. No. 6 (hereinafter "CR").

### A. Rearraignment

On October 28, 2013, Monjaraz Salas appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 12.

---

[1] While the indictment alleged that Monjaraz Salas had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. Appx. 823 (5th Cir. 2009)(unpubl.).

### B. Sentencing

In the final presentence report ("PSR"), Monjaraz Salas was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 15, p. 4. Monjaraz Salas was also assessed an additional 12 level enhancement because, in 2011, he was convicted of "Delivery by Actual Transfer of Cocaine" in Harris County, Texas. Id. The PSR noted that the 2011 Harris County conviction was a "drug trafficking conviction" under the sentencing guidelines. Id. Monjaraz Salas received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Monjaraz Salas was assessed a total offense level of 17.

Regarding his criminal history, Monjaraz Salas had four adult criminal convictions and was assessed seven criminal history points, resulting in a criminal history category of IV. CR Dkt. No. 15, pp. 5-7. Based upon Monjaraz Salas's offense level of 17 and criminal history category of IV, the presentence report identified a guideline sentencing range of 37 to 46 months of imprisonment. Id., p. 10.

On March 3, 2014, the District Court sentenced Monjaraz Salas to 42 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 31. The judgment was entered on March 20, 2014. Id.

### C. Direct Appeal

Monjaraz Salas timely filed a notice of direct appeal. CR Dkt. No. 27. On direct appeal, Monjaraz Salas asserted that his 2011 conviction for delivery of cocaine was not a drug trafficking felony because it potentially criminalizes conduct that is not covered under the definition of "drug trafficking" in the Sentencing Guidelines or 21 U.S.C. § 841(a). CR Dkt. No. 37.

On December 18, 2014, the Fifth Circuit affirmed Monjaraz Salas's conviction, finding that his 2011 conviction was a drug trafficking conviction. CR Dkt. No. 37.

Monjaraz Salas timely filed a petition for a writ of certiorari with the Supreme Court. CR Dkt. No. 40. On May 5, 2015, the Supreme Court denied the petition. Id.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On February 8, 2016, Monjaraz Salas timely filed a motion pursuant to 28 U.S.C. §

2

2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Monjaraz Salas asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

On March 7, 2016, the Government filed a motion for summary judgment, asserting that Monjaraz Salas is not entitled to relief because his sentence was not enhanced under the ACCA or any similar residual clause. Dkt. No. 7.

On April 1, 2016, Monjaraz Salas filed a response, asserting that the definition of "crime of violence" in U.S.S.G. § 4B1.2 is unconstitutionally vague for the same reasons given in Johnson. Dkt. No. 8.

## II. Applicable Law

### A. Section 2255

Monjaraz Salas seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Monjaraz Salas's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Monjaraz Salas's claim.

#### A. Johnson is Inapplicable

Monjaraz Salas asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-listed and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the

ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Monjaraz Salas, none of it applies to his case. Monjaraz Salas was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 20. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Monjaraz Salas with a vehicle for relief.

### B. Gonzalez-Longoria Affords No Relief

Monjaraz Salas makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Monjaraz Salas may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was

5

considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Monjaraz Salas finds no relief under Gonzalez-Longoria and the definition of "crime of violence" found in the sentencing guidelines is constitutional. As discussed further below, despite Monjaraz Salas's continued focus upon the residual clause of the ACCA, and his argument relating to the similar provision in 18 U.S.C. § 16, his sentence was not enhanced for a prior crime of violence.

### C. Sentencing Guidelines Enhancement

An examination of Monjaraz Salas's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), a 12 level enhancement was added to Monjaraz Salas's offense level, because he had a prior felony conviction for drug trafficking. CR Dkt. No. 15.

The Sentencing Guidelines provision set forth that a defendant – who is convicted of illegal re-entry – is subject to a 12-level sentencing enhancement, if he has a previous conviction for "a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B).

Monjaraz Salas asserted on direct appeal that his 2011 conviction was not a drug trafficking conviction. CR Dkt. No. 37. The Fifth Circuit expressly rejected this argument and affirmed his conviction.

Because Monjaraz Salas challenged the applicability of this sentencing enhancement on direct appeal, this Court is foreclosed from considering it in a § 2255 petition. Fields, 761 F.3d at 463 n. 12. Accordingly, this claim should be denied.

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Miguel Monjaraz Salas's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Monjaraz Salas's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Monjaraz Salas's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination

by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on September 14, 2016.

                                */s/ Ronald G. Morgan*
                                Ronald G. Morgan
                                United States Magistrate Judge